## MILTON JUDD *vs.* LEVI GIBBS & another.

An assignment from a commissioner of insolvency, upon proceedings against a partnership, of " all the estate, real and personal, of said insolvent debtors," passes the separate estate of each partner.

A conveyance by one partner of his separate property to one of his preëxisting creditors, with the intent to give a preference, is void under *St.* 1841, *c.* 124, § 3, if the property of the partnership and of the individual partners be insufficient to pay the partner ship debts, although the private estate of such partner be more than sufficient to pay his separate debts.

On the trial of a writ of entry sued out by the assignee of an insolvent debtor against the debtor and one to whom he had conveyed the land by way of preference, to which both tenants plead the general issue, the examination of the debtor before the commissioner is admissible in evidence against him.

The giving in evidence against an insolvent debtor of his examination before the commissioner does not entitle him to give in evidence the oath taken by him as a preliminary to his discharge at a previous and distinct time from the examination.

WRIT OF ENTRY by the assignee of Levi Gibbs and Frederick D. Ingersoll, copartners, insolvent debtors, to recover land which had been the separate estate of Gibbs. Both tenants pleaded the general issue.

At the trial before *Dewey*, J. the demandant gave in evidence an assignment to him from a commissioner of insolvency, " in the matter of Levi Gibbs and Frederick D. Ingersoll, partners under the firm of Gibbs & Ingersoll, and Gibbs, Ingersoll & Co., of Monterey, in said county, insolvent debtors," of " all the estate, real and personal, of the said insolvent debtors including

all the estate of which they were possessed, or which they were interested in or entitled to, on the [day of the first publication of notice], excepting such parts thereof as have been or shall be left in their hands, as being by law exempted from attachment." The tenants contended that this assignment did not purport to convey any private property of Gibbs, and that the demandant therefore could not maintain this action.

John Branning, one of the tenants, claimed title to the land under a conveyance made to him by Gibbs, the other tenant, within six months before the commencement of the proceedings in insolvency, for its full value, the greater part of which was paid by giving up notes of Gibbs held by Branning and his wife. At the time of the conveyance, the private estate of Gibbs was more than sufficient to pay all his private debts ; but the debts of the partnership exceeded in amount the whole assets, both of the partnership and of Gibbs. The presiding judge instructed the jury " that if, at the time of taking this deed, the firm of Gibbs & Ingersoll were insolvent, and Gibbs had good reason to believe such to be the case, and Branning also had reasonable cause to believe said firm to be insolvent, said deed would be invalid, and in violation of the statutes prohibiting preferences by insolvent debtors, although Gibbs had private assets more than sufficient to pay all his private debts."

The demandant, on the trial, offered in evidence the examination of Gibbs before the commissioner of insolvency, and his answers to various interrogatories then proposed to him. The tenants objected thereto ; but the judge ruled that, under the pleadings, it was competent evidence as against Gibbs, but instructed the jury to give it no effect as against Branning.

At a subsequent stage of the trial, the tenants offered in evidence the formal oath of Gibbs, administered in accordance with the statute, previously to his discharge. This was objected to by the demandant, and, as it appeared to have taken place at a previous and distinct time from the examination put into the case by the demandant, it was rejected.

The jury returned a verdict for the demandant ; and the judge reserved the case for the consideration of the full court.

*J. Rockwell & J. D. Colt,* for the tenants. 1. The deed of assignment did not pass the separate estate of Gibbs ; and the assignee therefore cannot maintain this action. *Adams* v. *Porter,* 1 Cush. 173. *Thompson* v. *Thompson,* 4 Cush. 131.

2. The conveyance from Gibbs to Branning was not a preference, within the meaning of the insolvent laws. Proceedings against a partnership consisting of two partners are to be treated as if there were three commissions, one against the two jointly, and one against each. As the private debts are entitled to priority of payment out of the private estate, Branning would have been entitled to be paid in full out of the estate of Gibbs, and therefore was in no way benefited, and acquired no preference, by taking the conveyance ; and the parties could not have had the intent to defraud other creditors, which is necessary to constitute a preference. At all events, the question of intent to prefer should have been submitted to the jury. *Sts.* 1838, *c.* 163, § 10 ; 1841, *c.* 124, § 3. *Baker's case,* 8 Cush. 109. *Stevens* v. *Blanchard,* 3 Cush. 169. *Atkins* v. *Spear,* 8 Met. 490. *Clark* v. *Gordon,* 13 Met. 434. *Denny* v. *Dana,* 2 Cush. 172. *Thompson* v. *Thompson,* 4 Cush. 127.

3. The oath of Gibbs was competent evidence, in connection with his examination.

4. As both defendants held under the deed to Branning, the examination of Gibbs was improperly admitted.

*H. L. Dawes,* (*I. Sumner* with him,) for the demandant.

Dewey, J. 1. The assignment of " all the estate of the said insolvent debtors," includes all the property held by them in any capacity, whether jointly or severally. *Hanson* v. *Paige, ante,* 243.

2. The principal question raised is upon the construction of our statutes of insolvency of 1838, *c.* 163, and 1841, *c.* 124, as to what acts constitute such preferences as may avoid a sale of property by a debtor. It is contended, on the part of the tenants, that if one of two copartners has private estate more than sufficient to pay all his private debts, he may properly convey to a private creditor, by way of preference, a portion of his private estate, in payment of his private debts, although the

copartnership are insolvent, and unable to pay their debts, and the creditor, when accepting such preference, had reasonable cause to believe the copartnership insolvent.

This, in the opinion of the court, is not the proper view to be taken of the statutes on this subject. The insolvency of the copartnership carries with it the assumption that all the property of the individuals composing the firm, as well the private estate of each, as that of the copartnership, will be required to pay their debts. The liability of each partner requires the application of all his private property to that object; and such will be the result, unless defeated by the claims of his private creditors, who in the final distribution of the assets by the assignees have, by force of the statute, a preference over copartnership creditors.

The provisions of *St.* 1838, *c.* 163, § 21, very clearly lead to the result we have stated. They provide that in all cases where two or more persons who are partners in trade become insolvent, all the joint stock and property of the company and all the separate estate of each partner shall be taken and delivered to the assignees, who shall be chosen by the creditors of the company, and that the whole estate of the members of the partnership shall be administered by such assignees. In the final application of the assets, the net proceeds of the separate estate are first to be applied to the payment of the debts of the separate creditors, but the surplus to the payment of partnership debts. The entire system of the proceedings in insolvency, under our statutes, seems to require the broad application of the provisions for securing the creditors against preferences, as well to conveyances of the private estate, as to conveyances of property of the partnership. The former, as well as the latter, is to be managed for the best interest of the partnership creditors. Hence it passes into the hands of the assignees, to be by them disposed of. But a conveyance to a private creditor by the debtor himself defeats that provision of the statute. The insolvent debtor, for he is really insolvent, if the whole property is insufficient to pay the partnership debts, although his private estate may be more than sufficient to pay his private debts, is not allowed to interfere with the statute provisions for securing most effectually the whole

estate of the insolvent for the benefit of all his creditors.  It is no sufficient answer to say that the debt thus preferred would have had a priority in the distribution of the assets by the assignees ; as that does not fully meet the difficulty.  The claims thus to be paid are to be allowed and established like other claims, and to be paid out of the net proceeds of the separate estate, as ascertained by the result of the administration by the assignees of the effects of the insolvents.

3.  The examination of Gibbs, the insolvent, before the commissioner, and his answers, were competent evidence to sustain this action as against Gibbs, who was one of the tenants, and who had united in a joint defence with Branning, the other tenant.   The only plea was the general issue, unaccompanied by any specification of defence by way of disclaimer or non-tenure on the part of Gibbs.

4.  The formal oath of Gibbs, administered in accordance with the statute, previously to his discharge, was properly excluded, on the objection of the demandant, as it appeared to have been taken at a previous time and on another occasion, from that of the examination already put in, and not as a part of that proceeding.

This disposes of all the questions understood to be raised at the trial, and as to these the rulings of the court are sustained. It is however now urged, on the part of the tenants, that the jury did not pass upon the question whether the conveyance was made by the debtor intending to give a preference to his grantee as a preëxisting creditor, and the said creditor accepted such conveyance as a preference.  It was supposed by the presiding judge that all parties understood that the fact of the intention to prefer a preëxisting creditor must be shown by the plaintiff, and that the only matter of law in controversy, and upon which a ruling was asked, was that already considered —the question whether taking a conveyance of the separate estate of one of the partners by way of preferring a separate creditor, when the separate estate was more than sufficient to pay all the separate debts, but when the partners were insolvent, was a preference, within the meaning of *St.* 1841, *c.* 124, § 3 ;

and to that point instructions were fully given. Upon recurring to my minutes of the course of the trial, I do not find that this question of intent to prefer was distinctly submitted to the jury. This verdict may have been rendered for the demandant without the jury's passing upon the question whether the conveyance was made with the intention of giving a preference to a preëxisting creditor. For this reason it has been deemed reasonable that the case should be again submitted to a jury.

*New trial ordered.*

A new trial was accordingly had at September term 1856, and resulted in a verdict for the demandant.